IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SHMUEL BARON

Plaintiff,

-against-

DELTA AIR LINES, INC.

Defendant.

REC'D IN PRO SE OFFICE
DEC 18 '24 ᴬᴹ10:42

**Complaint for a Civil Case**

24-cv-8664-NCM-LB

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☐ No

*(check one)*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

SHMUEL BARON            :
                       :

          Plaintiff,           :
                       :

      v.                   :       Case No. _____
                       :

DELTA AIR LINES, INC.      
                       :

          Defendant.

## <u>COMPLAINT</u>

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on _____ at _____ in the above-named court, Plaintiff, appearing pro se, will and does move this Court for an order granting him relief against the Defendant based on the following grounds:

1. The Plaintiff seeks redress for the failure of the Defendant DELTA AIR LINES, INC., to ensure his safety as a passenger during his flight from New York to Tel Aviv.

2. The Defendant also failed to appropriately address a hate-motivated and anti-semitic physical and verbal assault aboard said Defendant's Flight 234 from New York to Tel Aviv.

3. The Defendant also failed and neglected to comply with federal reporting requirements to report the altercation as an in-flight incident of criminal assault.

4. 4. The Defendant's negligent omission to take responsibility for the incident and comply with the law on reporting said incident amounts to a violation of the Plaintiff's civil rights, which has resulted in significant emotional distress to him.

The Plaintiff thus respectfully requests this Honorable Court to hear this matter and grant the relief sought, including compensatory and punitive damages, as well as any other relief deemed just and proper.

Respectfully submitted,

_____

SHMUEL BARON, *Pro Se*

1409 East 5th Street

Brooklyn, NY 11230

# TABLE OF CONTENTS

TABLE OF AUTHORITIES 4

I. INTRODUCTION 5

II. JURISDICTION AND VENUE 5

III. PARTIES 6

IV. FACTUAL BACKGROUND 6

IV. LEGAL ARGUMENT 8

    (a) Delta Airlines Inc. was Negligent towards the Plaintiff 8

    (b) Delta Airlines Inc. failed to prevent the Violation of the Plaintiff's Civil Rights (Hate Crime) 9

    (c) Delta Airlines Inc. compounded the Plaintiff's suffering by intentionally neglecting to comply with federal law on reporting in-flight criminal activity thereby inflicting emotional distress on the Plaintiff 10

V. PRAYER FOR RELIEF 11

## TABLE OF AUTHORITIES

**Statutes**

14 C.F.R. § 91.11 (Prohibition Against Interference with Crew Members)

28 U.S.C. § 1332 (Diversity Jurisdiction)

28 U.S.C. § 1391 (Venue Generally)

42 U.S.C. § 1981 (Equal Rights Under the Law)

49 U.S.C. § 44701 (General Requirements for Air Carrier Safety)

49 U.S.C. § 46506 (Application of Criminal Laws to Aircraft)

**Case Law**

Curley v. AMR Corp., 153 F.3d 5 (2d Cir. 1998)

Doe v. Delta Airlines, Inc., 129 F. Supp. 3d 23 (D.D.C. 2015)

Miller v. American Airlines, Inc., 525 F.3d 520 (7th Cir. 2008)

# I. INTRODUCTION

Plaintiff, Shmuel Baron, brings this complaint against Delta Air Lines, Inc., seeking redress for;

> (a) the failure to provide reasonable and adequate protection against a targeted anti-semitic attack,
>
> (b) gross negligence in failing to address the incident appropriately, and
>
> (c) for generally violating the Plaintiff's civil rights as a Jewish passenger aboard Delta Flight 234 from New York (JFK) to Tel Aviv (TLV) on June 13, 2023.

The assault on Plaintiff and four other passengers, all of whom were visibly Jewish, was aggravated by the Defendant's inadequate response during the flight and its refusal to pursue appropriate action. The Defendant failed to report the matter to law enforcement upon landing, refused to disclose the aggressor's identity to the Plaintiff, and instead offered the Plaintiff only token redress, thereby exacerbating his emotional distress and perpetuating the earlier discrimination and hate crime.

# II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to **28 U.S.C. § 1332** because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of **$75,000,** exclusive of interest and costs. Venue is proper in this judicial district under **28 U.S.C. § 1391** because Defendant transacts substantial business within this district, and significant events giving rise to this action occurred in New York.

## III. PARTIES

Plaintiff, **SHMUEL BARON**, is an observant Jewish individual who resides at **1409 East 5th Street, Brooklyn, NY 11230.** Defendant, **DELTA AIR LINES, INC.,** is a corporation organized under the laws of the State of Georgia, with its principal place of business at **1030 Delta Blvd., Atlanta, GA.** Delta operates flights into and out of airports within this district, including John F. Kennedy International Airport in New York, NY.

## IV. FACTUAL BACKGROUND

1. On **June 13th, 2023,** Plaintiff was a ticketed passenger aboard **Delta Flight 234 from New York (JFK) to Tel Aviv (TLV).** He was seated in **seat 56G** alongside other Jewish passengers, including **Abraham Schwartz (53H), Weizel Michael (Row 48), Trichar Eliezer (53G),** and **Eviatar Elbaz (53G),** who were visibly identifiable by their religious head coverings (*Kippot/Yarmulkas*).

2. During the flight, an unidentified female passenger (who is a total stranger to the Plaintiff) seated in 43A left her designated seat, walked across the cabin to the rear-right section, and physically and verbally assaulted the Jewish passengers without provocation. The assaults included shoving, elbowing, and verbally harassing individuals engaged in silent prayer, including Plaintiff, clearly targeting them based on their religious identity.

3. The aggressor's actions were unprovoked and deliberately targeted at the observant Jewish passengers seated on the right side of the rear cabin, highlighting a hate crime motivated by religious and anti-semitic discrimination.

4.    Plaintiff immediately reported the incident to the Delta flight crew, including **Angel**, the chief steward, who assured him that a report of the incident would be documented.

5.    However, upon arrival in Tel Aviv, Defendant failed to notify local law enforcement or take any steps to escalate the matter, despite the serious nature of the assault and its implications as a hate crime.

6.    Following the incident, Plaintiff contacted Defendant to raise his concerns, report the inadequate response, and request the identity of the aggressor for the purposes of pursuing legal and criminal action. Delta responded with dismissive assurances and declined to disclose the aggressor's identity, citing company policy, thereby obstructing Plaintiff's ability to seek justice *(See attached Exhibit B)*

7.    In an email dated **July 21, 2023,** Defendant acknowledged the incident, stating, *"We take concerns like this very seriously and will not tolerate behavior by passengers that is abusive, violent and/or violates local or federal law."* Despite this statement, Delta's actions did not align with its declared policy, as it failed to notify law enforcement upon landing or take meaningful action to address the hate crime. *(See attached Exhibit C)*

8.    Delta further stated that its flight crews *"are trained to intervene in situations like the one you experienced,"* yet the crew's intervention during the flight was limited to verbal assurances, with no substantial measures taken to de-escalate the situation or ensure Plaintiff's safety.

9.    In subsequent correspondence, Delta reiterated its refusal to disclose the aggressor's identity, stating that Plaintiff's legal counsel would need to contact Delta's legal

team for such information, a process that unnecessarily complicated Plaintiff's pursuit of justice. *(See attached Exhibit B)*

10. Delta then issued a **$100** travel voucher to Plaintiff, describing it as a *"gesture of goodwill,"* which Plaintiff found grossly inadequate given the severity of the incident and the harm suffered. *(See attached Exhibit D)*

11. These failures on Delta's part not only denied Plaintiff the immediate resolution of the assault but also compounded the emotional distress and humiliation he experienced as a result of the attack.

## IV. LEGAL ARGUMENT

### (a) Delta Airlines Inc. was Negligent towards the Plaintiff

**Delta Air Lines, Inc.,** owes its passengers a heightened duty of care as a common carrier, which includes ensuring their safety from foreseeable harm while aboard its aircraft. This duty is established under both common law principles and statutory regulations, including **49 U.S.C. § 44701.**

**49 U.S.C. § 44701** mandates that air carriers maintain safe operating standards, including measures to prevent passenger misconduct and respond effectively to in-flight incidents. Under these standards, Delta was obligated to take reasonable steps to protect Plaintiff from the aggressor's anti-semitic assault, which was foreseeable given her escalating behavior and the clear targeting of visibly Jewish passengers.

Delta breached this duty in several ways:

(a) By failing to intervene adequately during the incident to restrain or contain the aggressor.

(b) By neglecting to involve law enforcement upon landing, as required by **49 U.S.C. § 46506** and **14 C.F.R. § 91.11,** which mandate reporting crimes aboard aircraft to appropriate authorities.

(c) By offering Plaintiff only a **$100** travel voucher as redress, which trivialized the severity of the incident and demonstrated an inadequate response to the harm inflicted.

Delta's failure to take these actions directly and proximately caused Plaintiff's injuries, including significant emotional distress, humiliation, and a diminished sense of safety while traveling.

In ***Doe v. Delta Airlines, Inc., 129 F. Supp. 3d 23 (D.D.C. 2015)***, the court recognized an airline's duty to prevent harm caused by other passengers. The court emphasized that when airline personnel are aware of misconduct, they must take reasonable steps to mitigate harm, which Delta failed to do here. Similarly, in ***Curley v. AMR Corp., 153 F.3d 5 (2d Cir. 1998),*** the Second Circuit held that airlines have an affirmative duty to protect passengers from reasonably foreseeable harm, including criminal conduct by other passengers. D elta's crew had sufficient notice of the aggressor's behavior to take action but failed to fulfill this duty.

### (b) Delta Airlines Inc. failed to prevent the Violation of the Plaintiff's Civil Rights (Hate Crime)

Plaintiff was targeted by the aggressor because of his religion, as evidenced by her deliberate selection of visibly Jewish passengers for verbal and physical assault. This conduct

9

constitutes religious discrimination, violating Plaintiff's rights under **42 U.S.C. § 1981.** **42 U.S.C. § 1981** guarantees all individuals the right to *"make and enforce contracts"* and *"to the full and equal benefit of all laws and proceedings."* Delta's failure to act on a hate crime aboard its aircraft deprived Plaintiff of the equal protection afforded to passengers of other religions.

By allowing the aggressor's conduct to persist unaddressed and by refusing to involve law enforcement, Delta also perpetuated a discriminatory environment that was directly harmful to Plaintiff and other Jewish passengers. Its refusal to disclose the aggressor's identity further denied Plaintiff the ability to pursue justice through criminal or civil proceedings, thereby compounding the discriminatory impact of the initial assault.

In *Miller v. American Airlines, Inc.*, **525 F.3d 520 (7th Cir. 2008)**, the court held that airlines could be liable under **§ 1981** if they fail to act on known discriminatory conduct. Similarly, Delta's inaction here allowed the aggressor to continue targeting Jewish passengers without consequence. The court also found that **§ 1981** applied to racial or religious discrimination aboard aircraft. Plaintiff was deprived of equal protection when Delta failed to respond adequately to the antisemitic hate crime.

**(c) Delta Airlines Inc. compounded the Plaintiff's suffering by intentionally neglecting to comply with federal law on reporting in-flight criminal activity thereby inflicting emotional distress on the Plaintiff**

Delta's conduct, including its failure to take meaningful action during and after the hate crime aboard **Flight 234**, constitutes extreme and outrageous behavior. The airline's dismissive response, particularly its refusal to involve law enforcement and its token **$100** voucher, trivialized the severity of the incident and demonstrated a reckless disregard for Plaintiff's

emotional well-being. Plaintiff suffered significant emotional distress, humiliation, and anxiety as a direct result of the Defendant's actions, which aggravated the harm caused by the initial assault. The Defendant should be held liable for intentional infliction of emotional distress on the Plaintiff since their conduct exacerbates a traumatic incident on the Plaintiff.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

(a) Compensatory damages exceeding $75,000 for emotional distress, humiliation, and harm suffered.

(b) Punitive damages to deter similar negligence and discriminatory conduct by Delta in the future.

(c) A court order compelling Delta to disclose the identity of the aggressor to enable criminal proceedings.

(d) Plaintiff also requests a trial by jury on all triable issues.

(e) Costs, attorney's fees, and any other relief deemed appropriate by this Honourable Court.

Respectfully submitted,

SHMUEL BARON, *Pro Se*

1409 East 5th Street

Brooklyn, NY 11230

11

## <u>CERTIFICATION</u>

I hereby certify that on_____, a copy of the foregoing

document was filed and served electronically to all counsel and parties of record and that

written consent for electronic delivery was received from all parties. I hereby certify that a

copy of the within and foregoing has been emailed on this _____ to:

      Delta Air Lines Inc.

      1030 Delta Blvd.,

      Atlanta, GA.

                                  Respectfully submitted,

                                  _____

                              SHMUEL BARON, *Pro Se*

                                 1409 East 5th Street

                                 Brooklyn, NY 11230

 **Gmail**

Ruth Elmann <ruth@hudsonconsultingny.com>

## Fwd: Auto-acknowledgement for DOT Claim TV2024093055

1 message

---

**Sam Baron** <sbaron62@gmail.com>                                   Mon, Nov 18, 2024 at 3:34 PM
To: Ruth Elmann <ruth@hudsonconsultingny.com>

Delta case
Best Regards
Sam (Shmuel ) Baron

---------- Forwarded message ----------
From: **Edwards, Jeremiah** <Jeremiah.Edwards@delta.com>
Date: Wed, Sep 25, 2024 at 3:18 PM
Subject: Auto-acknowledgement for DOT Claim TV2024093055
To: SBARON62@GMAIL.COM <SBARON62@gmail.com>

Dear Delta Customer,

This is an auto-acknowledgement from a mailbox which is not monitored. On September 25th, we received your claim filed with the US Department of Transportation. They have asked us to respond to you directly.

Claims are reviewed and answered in the order received. Given the July disruption to Delta's operations, we have recently received a significant volume of claims, resulting in longer than typical response times. We kindly ask you to refrain from opening a duplicate claim with the DOT, since doing so will not expedite your claim.

We will respond substantively within the timeframe afforded to carriers under 14CFR, Part 259. Replies to this acknowledgement will not be seen by a Delta employee, nor receive a response. We genuinely appreciate your patience while we review your concerns.

Sincerely,

Delta Air Lines

EXHIBIT B



Ruth Elmann <ruth@hudsonconsultingny.com>

## Fwd: TV2024093055 SHMUEL BARON 597592 [] [ ref:!00D1a0Y3af.!500RO0HTHJr:ref ]

1 message

**Sam Baron** <sbaron62@gmail.com>                                      Mon, Nov 18, 2024 at 5:16 PM
To: Ruth Elmann <ruth@hudsonconsultingny.com>

Delta case
Latest response
Sent from my iPhone

Begin forwarded message:

> **From:** DOT DL Customer Care <dotdlcare@delta.com>
> **Date:** November 18, 2024 at 5:04:04 PM EST
> **To:** sbaron62@gmail.com
> **Subject:** TV2024093055 SHMUEL BARON 597592 []   [ ref:!00D1a0Y3af.!500RO0HTHJr:ref ]



Hello Shmuel,

RE: Case 11447428

We've received your message sent to the United States Department of Transportation regarding your experience traveling with us on Flight 234 from New York (JFK) to Tel Aviv (TLV) on June 13, 2023. They have asked us to respond to you directly.

I can certainly understand why you wanted to reach out regarding the disruptive behavior of another passenger seated near you on Flight 234 - JFK to TLV on June 13, 2023. I can imagine how upsetting it was when she not only harassed you, but physically pushed you and other passengers seated around you. It's not fair when one person's behavior affects the comfort and safety of other passengers, and I'm really sorry this passenger's behavior made you feel unsafe on our flight. As a global airline that serves thousands of customers from around the world every day, that definitely isn't the experience we wanted you to have.

Our records show that you have been in contact with my colleague regarding your experience, and you should have received a response from her on July 21, 2023. I have included a copy of that response below for your records.

July 21, 2023

Hello Shmuel,

RE: Case 07966270

Thanks for writing into our customer care department to share your onboard travel experience when you traveled back on the 13th of June from New York JFK to Tel-Aviv. I certainly understand your frustration regarding the passenger's conduct during your flight. I know you were looking forward to a peaceful trip and it's not fair when someone's actions

affect yours. This certainly isn't something we want any customer to experience.

We take concerns like this very seriously and will not tolerate behavior by passengers that is abusive, violent and/or violates local or federal law. Your comfort and safety are our top priority. Our flight crews are trained to intervene in situations like the one you experienced when they observe it or when customers bring it to their attention. I'm delighted to hear that Angel our flight crew member was able to write up a report. It is Delta's policy to take appropriate action, including involving law enforcement officials, against a passenger engaging in serious misconduct, though we hope you understand that we cannot be responsible for or control the actions of other customers.

With you seeking legal, guidance your lawyer will contact Delta's legal team to provide the customer's name involved. Regrettably we are unable to disclose that information.

As a gesture of goodwill, I will be sending to your email address a $100 travel voucher along with the terms and conditions.

Shmuel, I hope your next travel experience is perfect in every way. Thanks for 29yrs. of loyalty with Delta Air Lines.

Regards,

Nefra C. Russell-Dollaragues
Customer Care
Delta Air Lines

We certainly understand your concerns, and I appreciate this opportunity to emphasize that the behavior you describe is never appropriate at Delta. Delta Air Lines does not discriminate nor do we condone discrimination against any of our customers in regards to age, race, nationality, religion, sexual orientation, gender, etc. We understand your feelings surrounding this issue and we appreciate the time you took to share your concerns. Your feedback has been reported to the In-flight Services leadership team for their internal review. Again, we are truly sorry your flight wasn't as comfortable or as enjoyable as it should have been.

Thank you for writing. We will continue to do our best going forward and we hope you will give us another opportunity to serve you on another Delta flight.

Kindest Regards,

Kari Bakken
DOT Specialist
Delta Air Lines

*This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited. Any personal information you provide to us is subject to the terms of our privacy policy found on delta.com. Please check Delta Privacy Policy.*

[ref:!00D1a0Y3af.!500RO0HTHJr:ref]

--------- Original Message ---------

Subject: TV2024093055 SHMUEL BARON 597592

SHMUEL BARON SBARON62@GMAIL.COM (646) 824-8101 1409 EAST 5 STREET BROOKLYN NY 11230

DL NYC-TLV DELTA 234 2023-06-13 00:00:00.0

myself and 4 other passengers suffered harassments and physicals pushes ,elbow as well as crushing A clear antisemite attack from a female passenger. We do not know her nor had any contact with her before A clear unprovoked anti-Jewish attack my seat was 56G the other passengers are 53H;48B,38C,53G The attacker female seat was 43A We informed the crew and the chief Stewart name Angel collected the information and told us he will file a report We are looking into a lawsuit against the aggressor as well as criminal charges The Airline failed to inform police on arrival to TLV

EXHIBIT C

 Gmail

Ruth Elmann <ruth@hudsonconsultingny.com>

---

## Fwd: Delta.com Feedback Submission [ref:_00D1aY3af._5001P1bX5Ve:ref]

1 message

---

**Sam Baron** <sbaron62@gmail.com>                                    Mon, Nov 18, 2024 at 3:32 PM
To: Ruth Elmann <ruth@hudsonconsultingny.com>

Delta case
Best Regards
Sam (Shmuel ) Baron

--------- Forwarded message ---------
From: **Delta Air Lines** <wecare@delta.com>
Date: Fri, Jul 21, 2023 at 5:01 AM
Subject: Delta.com Feedback Submission [ref:_00D1aY3af._5001P1bX5Ve:ref]
To: sbaron62@gmail.com <sbaron62@gmail.com>

 **DELTA**

Hello Shmuel,

RE: Case 07966270

Thanks for writing into our customer care department to share your onboard travel experience when you traveled back on the 13th of June from New York JFK to Tel-Aviv. I certainly understand your frustration regarding the passenger's conduct during your flight. I know you were looking forward to a peaceful trip and it's not fair when someone's actions affect yours. This certainly isn't something we want any customer to experience.

We take concerns like this very seriously and will not tolerate behavior by passengers that is abusive, violent and/or violates local or federal law. Your comfort and safety are our top priority. Our flight crews are trained to intervene in situations like the one you experienced when they observe it or when customers bring it to their attention. I'm delight to hear that Angel our flight crew member was able to write up a report. It is Delta's policy to take appropriate action, including involving law enforcement officials, against a passenger engaging in serious misconduct, though we hope you understand that we cannot be responsible for or control the actions of other customers.

With you seeking legal, guidance your lawyer will contact Delta's legal team to provide the customer's name involved. Regrettably we are unable to disclose that information.

As a gesture of goodwill, I will be sending to your email address a $100 travel voucher along with the terms and conditions.

Shmuel, I hope your next travel experience is perfect in every way. Thanks for 29yrs. of loyalty with Delta Air Lines.

Regards,

Nefra C. Russell-Dollaragues
Customer Care
Delta Air Lines

*This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and any disclosure, copying, or distribution of this message, or the taking of any action based on it, by you is strictly prohibited. Any personal information you provide to us is subject to the terms of our privacy policy found on delta.com. Please check Delta Privacy Policy.*

[ref:_00D1aY3af._5001P1bX5Ve:ref]

——————— Original Message ———————
**From:** [sbaron62@gmail.com]
**Sent:** 6/15/2023 4:55 PM
**To:** wecare@delta.com
**Subject:** Delta.com Feedback Submission

myself and 4 other passengers suffered harassments and physicals pushes ,elbow as well as crushing A clear antisemite attack from a female passenger. We do not know her nor had any contact with her before A clear unprovoked anti-Jewish attack my seat was 56G the other passengers are 53H,48B,38C,53G The attacker female seat was 43A We informed the crew and the chief Stewart name Angel collected the information and told us he will file a report We are looking into a lawsuit against the aggressor as well as criminal charges We DO NOT have any issurs or complaint against Delta Angel took care of the situation in a very proffetional and relaxing way !!

 **Gmail**

Ruth Elmann <ruth@hudsonconsultingny.com>

## Fwd: Your Transportation eCredit
1 message

**Sam Baron** <sbaron62@gmail.com>                                      Mon, Nov 18, 2024 at 3:35 PM
To: Ruth Elmann <ruth@hudsonconsultingny.com>

Delta case
Best Regards
Sam (Shmuel ) Baron

————— Forwarded message —————
From: **Delta Air Lines** <DeltaAirLines@t.delta.com>
Date: Fri, Jul 21, 2023 at 6:22 AM
Subject: Your Transportation eCredit
To: <sbaron62@gmail.com>

View as a Web Page

#9109863515
SkyMiles® Member



# Your eCredit

This email contains your Transportation eCredit from Delta Air Lines. Please review the terms and conditions below before redeeming. To make flight reservations or to contact us about any questions you may have, visit delta.com/redeem, call 800-221-1212, or call the number on the back of your SkyMiles® membership card.

This voucher may not be redeemed at travel agencies, other airlines, or other travel websites. Once ticketed, penalties may apply for changes, per the fare rule purchased.

Thank you for choosing Delta, and we look forward to welcoming you aboard one of our flights soon.

**Passenger Name: SHMUEL BARON**
**eCredit Number: 0060640057497**
**This document expires: 21JUL24**

| Date of Issue: | 21JUL23 |
|---|---|
| Place of Issue: | MSPCCAF |
| Issuing Agent ID: | DL/CC |
| Total: | 100.00 USD |

NON-REFUNDABLE VALID ONLY ON DELTA/DELTA
CONNECTION VALID FOR PURCHASE OF AIR
TRANSPORTATION ANYWHERE WITHIN DELTA/DELTA
CONNECTION/KL/AF SYSTEM

# ▲DELTA

Help Center   •   Flight Deals   •   Earn Miles   •   Give Back

 

Email Preferences | Privacy Policy

**Terms & Conditions**

Terms and Conditions for Delta Transportation Credit Voucher eCredits with a Date of Issue on or
after December 15, 2011:

- **Value:** The face amount of this voucher may be applied to the purchase of any ticket for
  passenger travel within the Delta system worldwide on Delta/Delta Shuttle/Delta Connection,
  Air France, KLM, and Delta designated codeshare flights. It is valid for payment of published

fares and government-imposed ticket taxes/charges only. It may not be used to pay other fees relating to passenger travel including baggage fees, or charges for the shipment of cargo. Voucher has no cash value.

- **Validity Period:** Voucher is valid for one year from date of issue. Validity period will not be extended.
- **Ticketing Information:** Please redeem this voucher at www.delta.com/redeem. Paper vouchers may be redeemed at Delta, Air France and KLM ticket counters. In select European countries, a direct ticketing charge will apply for tickets purchased over the phone through Reservation Sales or in person at airports and other ticket office locations. Redemptions at www.delta.com/redeem will not incur a direct ticketing charge. The direct ticketing charge may be waived upon request. Voucher may not be redeemed at travel agencies, other airlines, or other travel websites. Once ticketed, penalties may apply for changes, per the fare rule purchased.
- **Residual Value:** If redeemed for less than its face value, the residual value of a voucher(s) may be applied to subsequent ticket purchases at www.delta.com/redeem. The expiration date of the original Voucher will apply to any residual value. Residual value of a voucher may only be used by the original voucher owner.
- **Redemption/Transferability:** Voucher is non-transferable unless assigned to someone traveling with the original voucher owner on the same reservation at the time the voucher is being redeemed. Delta assumes no responsibility for unauthorized use of the voucher by any person who presents it for redemption. A maximum of one voucher per passenger may be applied and used on one ticket. Paper vouchers cannot be redeemed online. To redeem a paper voucher, visit a Delta ticket counter at the airport or a Delta Ticket Office.
- **Theft or Loss:** Voucher will not be replaced if lost or stolen.
- **Sale/Barter Prohibited:** Voucher may not be sold, bartered, duplicated or altered by the Owner or any designee. Voucher or ticket obtained through prohibited sale/barter/duplication transactions are void and will not be honored or travel permitted.
- By redeeming this Voucher, the owner and designee (if any) acknowledge the content of these Terms and Conditions and agree to be bound by them.
- Voucher is not combinable with gift certificates, dollars off certificates, percent off certificates, or complementary travel certificates.
- See www.delta.com/redeem for current Terms and Conditions.
- Terms and Conditions are subject to change at any time.
- These Terms and Conditions apply to vouchers whose first six digits begin with 006066, 006064 or 006054.

**Email Subscription**

You have received this email because you elected to receive your SkyMiles account notification sent to you via email. If you would like to take advantage of other Delta email programs featuring special fares, promotions, information and flight updates, please visit delta.com/emailprograms or delta.com/notifications.

**Privacy Policy**

Your privacy is important to us. Please review our Privacy Policy.

This is a post only email (EMD+). Please do not respond to this message.

You are receiving this operational message due to your upcoming travel or recent activity with Delta. Even if you have opted-out of receiving Delta marketing communications, you may still receive operational emails with relevant information based on your upcoming travel or recent activity.

This email was sent to: sbaron62@gmail.com

© 2023 Delta Air Lines, Inc. All rights reserved.
Delta Blvd. P.O. Box 20706 • Atlanta, GA 30320-6001

159169RES Travel Credit Voucher ReceiptTCVProd

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐      monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐      the complaint seeks injunctive relief,

☐      the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(d)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☑ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐    Yes    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐    Yes    (If yes, please explain    ☐    No

I certify the accuracy of all information provided above.

**Signature:** _____

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shmuel Baron

2024 DEC 17 AM 12:19

### DEFENDANTS
Delta Air Lines Inc.

**(b)** County of Residence of First Listed Plaintiff  Kings County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shmuel Baron
1409 East 5th Street, Brooklyn, NY 11230

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |

☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 U.S.C. § 44701
Brief description of cause:
Failure to protect Plaintiff against an anti-Semitic attack, gross negligence, and civil rights violations on Flight 234 (JFK to TLV) on June 13, 2023.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  12/12/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____